IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WILLARD E. MORRISON,

        Petitioner,           :        Case No. 1:15-cv-99

  - vs -                          District Judge Timothy S. Black
                                    Magistrate Judge Michael R. Merz

SHERI DUFFEY, Warden,
 Southeastern Correctional Institution,

                                           :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations (ECF No. 13) recommending denial of the Warden's Motion to Dismiss, but transfer of the case to the Sixth Circuit as a second-or-successive petition under 28 U.S.C. § 2244.  District Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 15).

Morrison pleads one ground for relief:  "Ineffective assistance of counsel results in prejudice when counsel misadvises a defendant of non-collateral consequences of entering a plea. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012); U.S. Const. amend. VI, XIV."  (Petition, ECF No. 1, PageID 18.)

1

**Asserted Mischaracterization of Morrison's Clam**

**Morrison's first objection** is that the Magistrate Judge has mischaracterized his claim (Objections, ECF No. 14, PageID 382-84).

On October 1, 2007, the first morning of his trial on two counts of attempting to murder an Ohio Highway Patrol Officer, Morrison pleaded no contest and was sentenced to twenty-five years imprisonment.  It is from that judgment that he seeks relief.

On September 17, 2012, represented for the first time by Assistant State Public Defender Kimberly Rigby who continues to represent him here, Morrison filed a motion to withdraw his plea of no contest (State Court Record, ECF No. 7, Exh. 19, PageID 268, et seq.)  The Motion was supported by Affidavits of Petitioner and his daughter April Brooks, as well as by the Affidavit of Eric Wrage, who represented Morrison at trial and is the attorney who is asserted to have provided ineffective assistance of trial counsel in this case. *Id.*  at PageID 280-84.  Wrage's Affidavit was notarized June 26, 2012, Morrison's Affidavit was notarized September 12, 2012, and his daughter's on September 7, 2012. *Id.*

The Motion to Withdraw was denied by the trial court March 11, 2013. *Id.*  at Exh. 20, PageID 306-23.  The Fourth District Court of Appeals affirmed December 19, 2013. *Id.*  at Exh. 21, PageID 324-35 and the Supreme Court declined to exercise jurisdiction over an appeal. *Id.*  at Exh. 22, PageID 336.

Morrison does not dispute that he previously filed a petition for writ of habeas corpus directed to this same judgment of conviction, Case No. 1:09-cv-760.  That case was dismissed with prejudice and the Sixth Circuit declined a certificate of appealability on April 17, 2012.

Respondent moved to dismiss this new case for lack of jurisdiction because it was second or successive.  In the Report, the Magistrate Judge concluded this new case was second or successive because it was directed to the same judgment as the prior case and did not come within the various exceptions to the second-or-successive doctrine which have been recognized by the Supreme Court or the Sixth Circuit.  (ECF No. 13, PageID 370-76.)

One of those exceptions is for claims which have "newly arisen" after a prior habeas decision. See, e.g., *Panetti v. Quarterman,* 551 U.S. 930 (2007).  The Report observed:

> Morrison attempts to bring himself within the "newly arisen" exception to second-or-successive status by claiming both new facts and new law.
>
> As to new facts, the Petition argues that "[w]ithin mere months of [the decisions in *Lafler* and *Frye*] Morrison's new counsel had found and requested an affidavit from Morrison's trial counsel, Eric Wrage. That affidavit was notarized May 26, 2012."

(ECF No. 13, PageID 376.)  The Report rejected this argument:

> This argument confuses new facts with new evidence of those facts. Morrison, his daughter, and Wrage knew the morning of trial (October 1, 2007) what Wrage had or had not told Morrison. The Petition claims "[b]efore Morrison secured new (undersigned) counsel, trial counsel's affidavit was previously unobtainable. Trial counsel had not come forward. . ." (ECF No. 1, PageID 17). But there is no evidence Mr. Wrage was resistant or in hiding or had left the state. Morrison and his daughters affidavits would have been sufficient to raise the ineffective assistance of trial counsel claim in a post-conviction proceeding and Wrage's testimony could have been obtained by subpoena.

*Id.*

Morrison objects "[t]he Magistrate Judge erroneously concluded that Morrison's ineffective assistance of trial counsel claim arose on the first day his trial was scheduled and,

3

thus, he found that Morrison could have previously presented the claim in a timely-filed post-conviction petition. . . This is factually incorrect." (ECF No. 14, PageID 383.) Conceding this was theoretically possible, Morrison's counsel argues it would have bene futile because post-conviction petitions based on defendant and family testimony are usually discounted by the courts. Instead, the case did not really arise "until Mr. Wrage came forward and provided Morrison with the affidavit that is the subject of the litigation, . . ." *Id.*

Morrison's argument remains unpersuasive. No facts are given, either by Wrage or by Morrison's counsel, about Wrage's "coming forward." That language implies his affidavit was volunteered. But in the Petition, Morrison pled that his new counsel after the decisions in *Lafler* and *Frye*, *supra*, had "found" Wrage, which implies they looked for him, not that he volunteered, but also saying nothing about whether he was hard to find. Counsel downplays the facts known by Morrison and his daughter about what Wrage told them the morning of trial at the time he told them. They knew that Wrage's prediction of a seventeen-year sentence with parole at ten years was wrong the morning of sentencing, shortly after the no contest plea, when the judge imposed a twenty-five year sentence.

Counsel attempt to excuse Morrison's failure to file for post-conviction relief with the usual but true litany of the barriers facing the imprisoned: no money to hire a lawyer or investigator, no knowledge of the law, no appointed counsel, no freedom to investigate on one's own. (Objections, ECF No. 14, PageID 383.) The fact remains that hundreds of post-conviction petitions are filed pro se and *in forma pauperis* in Ohio every year. Moreover, the Sixth Circuit has held those factors do not excuse failure to meet deadlines for post-conviction filings. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

Moreover, Morrison's claim is that Wrage did not tell him what the possible maximum

4

sentence was for the offenses he committed.  Wrage's Affidavit does not support that claim.  The maximum penalty for the offenses of conviction was twenty-seven years – ten years each for the attempted murders plus seven years for the firearm specification.  Wrage's Affidavit says nothing one way or the other about telling Morrison the legal maximum.  Instead, he remembers telling Morrison he thought the judge would impose a ten-year sentence. (Morrison Affidavit, ECF No. 7, Exh. 19, PageID 280.)  Morrison says he remembers Wrage saying Morrison would receive a maximum sentence of seventeen years.  *Id*. at PageID 281.  He continues that he had no idea he could receive a sentence of more than seventeen years. *Id.*  However, the Fourth District Court of Appeals recited the plea colloquy in which the trial judge plainly told Morrison (and received his acknowledgment that he understood) that he could be sentenced to ten years on each attempted murder count, plus seven years on the firearm specification. *State v. Morrison,* 2008-Ohio-4913, 2008 Ohio App. LEXIS 4112 (4th Dist. Sept. 15, 2008).

The Report also concluded Morrison had not shown that Wrage was hard to find (ECF No. 13, PageID 376).  To rebut this, Morrison refers to "Exhibit 3 to Motion" (Objections, ECF No. 14, PageID 384).  The Magistrate Judge reads this as referring to the April Brooks Affidavit which is Exhibit 3 to the Motion to Withdraw Plea (ECF No. 7, Exh. 19, PageID 283-84).  The Affidavit recites what the prosecuting attorney allegedly told Ms. Brooks about his difficulties reaching Wrage pre-trial.  As to his availability post-trial, counsel cites *Ohio Disciplinary Counsel v. Wrage*, 139 Ohio St. 3d  152 (2014), which was attached as Exhibit H to the Petition.  That decision of the Ohio Supreme Court shows Wrage was in default on his child support obligations and did not answer the Disciplinary Counsel's complaint against him until threatened with default.  Finally, Morrison asserts that Wrage received two OMVI convictions in Pennsylvania between 2009 and 2013, was placed on probation for those offenses, and was

"incarcerated multiple times." (Objections, ECF No. 14, PageID 384.)  As proof of these facts, counsel cite "*Id.* at 155." The abbreviation *Id.* is a shorthand reference to the last prior source cited, in this case the Ohio Supreme Court opinion, which does not have a page 155.  Assuming this document is somewhere in the record, it does indeed suggest Wrage would have been difficult to find or resistant.  But the citation is not adequate to show where the information appears.

**Misapplication of *Martinez v. Ryan***

To excuse his failure to file a timely petition for post-conviction relief related to Wrage's alleged ineffectiveness, Morrison relied on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), for the proposition that ineffective assistance of counsel in post-conviction proceedings will excuse a procedural default in presenting a claim of ineffective assistance of trial counsel.  The Report concluded *Martinez* did not assist Morrison because he had never filed a post-conviction petition and never requested appointment of counsel for that proceeding (Report, ECF No. 13, PageID 377-78).

In his Objections, Morrison cites from Justice Kennedy's majority opinion in *Martinez* about the importance of an attorney involvement in post-conviction proceedings.  The quotations are accurate and Justice Kennedy's observations are certainly true.  But the Supreme Court did not build on that predicate to create a new right to effective assistance of counsel in post-conviction proceedings.  It only held that where such proceedings are the only way to raise an ineffective assistance of trial counsel claim, ineffective assistance in doing so would excuse a

procedural default in presenting an ineffective assistance of trial counsel claim in post-conviction. It would greatly expand *Martinez* to apply it here where Morrison never filed a post-conviction petition and never asked for an attorney to assist with such a proceeding. If Morrison's analysis of *Martinez* were correct, a State would have to appoint an attorney to file or at least explore post-conviction proceedings for ineffective assistance of trial counsel every time someone was convicted or face a claim five or more years in the future and that this failure to do so excused a procedural default in presenting an ineffective assistance of trial counsel claim.

In any event, the Sixth Circuit has continued to decline to decide whether *Martinez* applies in Ohio. *See Landrum v. Anderson,* ___ F.3d ___, 2016 U.S. App. LEXIS 2464 (6th Cir. Feb. 12, 2016).

Morrison complains that other similarly-situated habeas petitioners have been permitted to rely on *Martinez* (Objections, ECF No. 14, PageID 386-87, citing *Balentine v. Thaler*, 133 S. Ct. 2763 (2013) and *Haynes v. Thaler*, 133 S. Ct. 2764 (2013)). Morrison claims that in each of those cases where habeas review was complete well before the decision of *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Supreme Court vacated an appellate decision and remanded for consideration in light of *Trevino*. These are both decisions without opinion, so-called GVR (grant, vacate, remand) decisions. The Supreme Court did not make *Trevino* applicable retroactively to cases pending on collateral review, it merely remanded these two cases. Whether that is "fair" or "unequal" is irrelevant: the Supreme Court can do what it wishes, for it has no one to review its decisions. This Court cannot, by statute, apply Supreme Court decisions retroactively in habeas unless the Court expressly says so.

Moreover, this objection is beside the point. The Report did not reject *Martinez*

7

applicability on non-retroactivity grounds. It assumed *Martinez* applies in Ohio. Instead, it concluded the holding of *Martinez*, retroactive or not, does not cover Morrison's case.

**Objection to Transfer to the Sixth Circuit**

In his last Objection, Morrison essentially argues that the right to competent counsel is very important and Wrage provided ineffective assistance. Assuming the truth of those two points, they must be made to the Sixth Circuit after transfer. This Court has no jurisdiction to consider a second-or-successive petition, no matter how compelling, without circuit permission. *Burton v. Stewart*, 549 U.S. 147 (2007); *Moreland v. Robinson*, ___ F.3d ___, 2016 U.S. App. LEXIS 2339 (6th Cir. Feb. 11, 2016).

**Conclusion**

It is again respectfully recommended that the Motion to Dismiss be denied and this case be transferred to the Sixth Circuit for consideration of whether it may proceed.

February 16, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).