UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLARD E. MORRISON, | : Case No. 1:15-cv-99 |
| Petitioner, | : Judge Timothy S. Black |
| | : Magistrate Judge Michael R. Merz |
| vs. | : |
| WARDEN, SOUTHEASTERN CORRECTIONAL INSTITUTION, | : |
| Respondent. | : |

# DECISION AND ENTRY ADOPTING
# THE REPORT AND RECOMMENDATIONS (Doc. 13)
# AND THE SUPPLEMENTAL REPORT AND RECOMMENDATIONS (Doc. 16)
# OF THE UNITED STATES MAGISTRATE JUDGE

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Michael R. Merz.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on January 25, 2016, submitted a Report and Recommendations.  (Doc. 13).  The Petitioner filed objections (Doc. 14) and the case was recommitted to the Magistrate Judge (Doc. 15).  Subsequently, on February 16, 2016, the Magistrate Judge submitted a Supplemental Report and Recommendations. (Doc. 16).  The Petitioner filed objections (Doc. 17) and the Respondent filed a response

(Doc. 18).[1] The matter is now ripe for review.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendations (Doc. 13) and Supplemental Report and Recommendations (Doc. 16) are **ADOPTED** in their entirety. Accordingly:

(1) Respondent's motion to dismiss (Doc. 8) is **DENIED**; and

(2) This case involved a second-or-successive habeas application within the meaning of 28 U.S.C. § 2244(b)(2) and therefore this case is **TRANSFERRED** to the Sixth Circuit for a determination of whether this case can proceed in this Court.

**IT IS SO ORDERED**.

Date: 4/22/16

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[1] The Petitioner argues that: (1) the Magistrate Judge mischaracterized his claim; (2) his claim was unripe prior to obtaining Wrage's affidavit; (3) he could not have obtained Wrage's affidavit and filed a *pro se* petition on his own; and (4) the Magistrate Judge incorrectly applied *Martinez*. Petitioner's objections are **OVERRULED**. Specifically: (1) the Magistrate Judge did not mischaracterize his claim (*compare* Doc. 13 at PageID 373 and Doc. 17 at PageID 401-02); (2) affidavits from Petitioner and his daughter would have been sufficient to raise the ineffective assistance of counsel claim in a post-conviction proceeding and Wrage's testimony could have been obtained by subpoena; (3) the ineffective assistance of counsel claim arose on the first morning of trial and Petitioner simply failed to assemble the evidence until many years later—specifically, despite the fact that Petitioner's current habeas attorney has represented him since June 2, 20<u>10</u>, Wrage's affidavit is dated June 26, 20<u>12</u>; and (4) claims that do not appear on the face of the record, including ineffective assistance of counsel claims, must be raised in a post-conviction relief proceeding and Petitioner never filed a post-conviction petition or requested appointment for that proceeding.

2